United States District Court
Middle District of Florida
Jacksonville Division

**ERIK ALANIZ,**

**Plaintiff,**

v.                                                          No. 3:24-cv-112-HES-LLL

**FREEDOM MORTGAGE CORPORATION,
ET AL,**

    **Defendants.**
_____

### Report and Recommendation

Plaintiff Erick Alaniz, proceeding pro se, filed a complaint against Freedom Mortgage Corporation, McCalla Raymer Leibert Pierce, LLC, all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to plaintiff's title, or any cloud upon plaintiff's title thereto, and Does 1 through 10. Doc. 1. On the same date, he applied to Proceed in District Court Without Prepaying Fees or Costs (Short Form), doc. 2, which I construe as a motion to proceed in forma pauperis. Plaintiff's motion to proceed in forma pauperis has been referred for a report and recommendation regarding an appropriate resolution. *Id.* For the reasons discussed below, I respectfully recommend plaintiff's motion be denied.

## Authority

When considering a request by a plaintiff to proceed as a pauper, the Court must undertake a two-step inquiry. First, under 28 U.S.C. § 1915(a)(1), the Court may authorize a plaintiff to proceed without prepayment of fees if he has shown he is "unable to pay such fees or give security therefor." Once a plaintiff has made this showing, the Court next considers the allegations under § 1915(e)(2) to determine whether the complaint: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B). If the Court finds these factors apply, it "shall dismiss the case." *Id.* § 1915(e)(2).

Additionally, "a district court may sua sponte consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking." *Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. 2010) (per curiam) (emphasis in original) (citations omitted). Federal courts exercise subject matter jurisdiction either through 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity). *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal question jurisdiction is invoked when an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To establish federal diversity jurisdiction, "all plaintiffs must be diverse from all defendants." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). Additionally, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

As for whether a complaint "fails to state a complaint on which relief may be granted" under section 1915(e)(2)(B)(ii), the Court applies the standard used in Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the complaint must have "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading which contains "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555).

Pro se pleadings—those filed without a lawyer—are "held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Alba*, 517 F.3d at 1252 (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). That said, "a court's duty to liberally construe a plaintiff's complaint . . . is not the equivalent of a duty to re-write it for [him]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). Further, "a litigant's pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." *Thompson v. U.S. Marine Corp.*, 398 F. App'x 532, 535 (11th Cir. 2010) (per curiam) (emphasis in original) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). But a pro se plaintiff must typically be given an opportunity to amend [his] complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even

3

if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations and citation omitted).

## Discussion

In line with the authority discussed above, I first review and evaluate plaintiff's financial condition. § 1915(a)(1). The Eleventh Circuit has held that when considering a motion for leave to file in forma pauperis, "the only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted). Based upon the short form affidavit submitted by the plaintiff regarding his financial status, I find that he may qualify as a pauper. *See* doc. 2.

Before his case can proceed, however, I must also evaluate plaintiff's complaint as required under § 1915(e)(2). In his introduction, plaintiff states he brings "causes of action against all defendants for fraud, intentional infliction of emotional distress, recission, declaratory relief based, and violations of [the Truth in Lending Act (TILA)] and [the Real Estate Settlement Procedures Act (RESPA)], upon facts and circumstances surrounding [p]laintiff's original loan transaction and subsequent securitization." Doc. 1 at 1-2. Plaintiff alleges "the origination mortgage lender, and others alleged to have ownership of [his] mortgage note, have unlawfully sold, assigned and/or transferred their ownership interests in a Promissory Note and a Mortgage related to the property, and thus, do not have lawful ownership or security interests in [his] Home[.]" *Id.* at ¶ 2. Plaintiff contends the defendants "intentionally, knowingly, and recklessly misrepresented" to him that they "were entitled to exercise

4

the power of sale provision contained in the Mortgage." *Id.* at ¶ 24. According to plaintiff, the defendants were not entitled to commence foreclosure proceedings under the promissory note because defendants "cannot provide any evidence that the Promissory note has been transferred; the Promissory Note and Mortgage are inseparable: (sic) [and] an assignment of the note carries the mortgage with it, while an assignment of the mortgage alone is a nullity." *Id.* At ¶ 18. In sum, plaintiff appears to allege his original mortgagor assigned or transferred his mortgage to Freedom Mortgage Corporation without providing proper notice and without properly assigning or transferring the underlying promissory note. *See id.* at ¶¶ 13-19. As a result of this alleged imperfect transfer, plaintiff's property was foreclosed. *Id.* at ¶ 19.

While plaintiff states he brings multiple causes of action, his complaint contains two counts, one for "Quiet Title Against All Defendants" and another for "Violation of TILA, 15 U.S.C." *Id.* at 6. TILA is a consumer protection statute that seeks to "avoid the uninformed use of credit" through the "meaningful disclosure of credit terms," thereby enabling consumers to become informed about the cost of credit. 15 U.S.C. § 1601(a). In addition to empowering the Federal Trade Commission to enforce its provisions, 15 U.S.C. § 1607(c), and imposing criminal liability on persons who willfully and knowingly violate the statute, 15 U.S.C. § 1611, TILA creates a private cause of action for actual and statutory damages for certain disclosure violations, 15 U.S.C. § 1640(a). TILA is a remedial consumer protection statute that courts must construe liberally in the consumer's favor in order to serve Congress'

intent. *See Bragg v. Bill Heard Chevrolet, Inc.,* 374 F.3d 1060, 1065 (11th Cir. 2004); *Ellis v. General Motors Acceptance Corp.,* 160 F.3d 703, 707 (11th Cir. 1998).

It is unclear from plaintiff's complaint which provisions of TILA apply and how defendants allegedly violated those provisions. Plaintiff alleges in one sentence that "the attachments to the notice of default do not establish that indorsements (sic) were made, nor are there any other notices which establish that the original lender endorsed and sold the Note to another party." Doc. 1 at ¶ 15. This may be a basis for federal question jurisdiction for failure to provide the required 15 U.S.C. § 1641(g) disclosures upon transfer of the mortgage. However, plaintiff does not allege anything additional to support this potential claim, and it is unclear whether plaintiff contends that he never received notice of the transfer or that the lack of notice proves the transfer never occurred at all. *See* doc. 1.

Notably, the notice of new creditor requirements under TILA apply to "the creditor that is the new owner or assignee of the debt," 15 U.S.C. § 1641(g), but plaintiff alleges throughout his complaint that Freedom Mortgage Corporation is not the owner or assignee of the mortgage. *See generally* doc. 1. ("defendants . . . cannot produce any evidence that the Promissory Note has been transferred"; "Defendants, and each of them, . . . have or claim the right to illegally commence foreclosure under the Note on the Property via a foreclosure action supported by false or fraudulent documents"; "Defendants were not entitled to [exercise the power of sale provision contained in the mortgage] and have no legal, equitable, or actual beneficial interest whatsoever in the Property"; "Defendants began their fraudulent foreclosure

6

proceedings[.]"). Additionally, plaintiff attempts to assert a violation of TILA in his second cause of action, but there are no numbered paragraphs or additional facts under the heading, and he does not precisely state under which section of TILA he is bringing his claims. *See* doc. 1 at 6.

As noted above, the majority of plaintiff's complaint is related to his allegation that the "sale of the note [was] invalid as a fraudulent conveyance or as unperfected" Doc. 1 at ¶ 14. For example, as discussed above, plaintiff alleges the defendants "intentionally, knowingly, and recklessly misrepresented" to him that they "were entitled to exercise the power of sale provision contained in the Mortgage," *id.* at ¶ 24, and that the defendants "fraudulently attempt[ed] to foreclose on a property in which they have no right, title, or interest," *id.* at ¶ 25. Further, while plaintiff mentions rescission, he also does not allege the defendants interfered with his right of rescission as permitted for certain loans[1] under TILA. *See* 15 U.S.C. § 1635. Instead, plaintiff only appears to allege the original lender failed to physically deliver the note to Freedom Mortgage Corporation, thus making the "assignment of the mortgage alone" a "nullity." Doc. 1 at ¶ 18.

Construing the complaint liberally, as I must, dismissal is warranted. First, as discussed above, plaintiff has not provided a valid basis for this Court's subject-matter jurisdiction because it is unclear what his claims under TILA or RESPA are. Almost all of the allegations in plaintiff's complaint relate to his quiet title cause of action.

---

[1] The Court notes the right of rescission does not exist on a mortgage for the purchase of a home. 12 C.F.R. § 1026.23(f)(1).

Plaintiff attempts to bring a cause of action under TILA, but the complaint contains only one sentence that could support this cause and is devoid of "further factual enhancement," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 566 U.S. at 557), for the TILA claim. *See* doc. 1. Although plaintiff also mentions RESPA in his introduction section, he does not allege any facts related to RESPA or explain how the defendants may have violated RESPA. *Id.* ¶ 3. Further, plaintiff's complaint is a verified complaint for quiet title. *See id.* at 1, 7. A quiet title action based on Florida statutes would properly be brought in a Florida state court. Finally, this Court may not invoke its diversity jurisdiction because Plaintiff alleges he and all defendants are citizens of Florida. *Id.* ¶¶ 5-9.

It is also unclear what relief plaintiff is seeking, other than a quiet title. While plaintiff need not specify his damages in detail, his "prayer for relief [must] fairly encompass the damages sought." *Newton v. Palm Coast Recovery Corp.*, No. 13–62051–CIV–COHN, 2014 WL 293484, at *3 (S.D. Fla. Jan. 27, 2014) (citing *Levine v. World Fin. Network Nat'l Bank,* 437 F.3d 1118, 1123–24 (11th Cir. 2006)). Here, Plaintiff's prayer for relief only requests the Court to quiet title and does not reference any relief that may be obtained under TILA, RESPA, or any other federal law.[2] *See* doc. 1 at 6.

---

[2] If plaintiff intends to pursue a claim against defendants for failure to comply with § 1641 (g), he may be entitled to the sum of actual and statutory damages. 15 U.S.C. § 1640(a), *see also Christ v. Beneficial Corp.*, 547 F.3d 1292, 1297 (11th Cir. 2008). However, plaintiff's prayer for relief only seeks relief related to his quiet title claim. Because plaintiff fails to request relief under TILA or any other federal law, it is unclear which, if any, provision plaintiff intends to use as a basis for federal question jurisdiction.

As explained above, plaintiff fails to clearly identify a federal cause of action or a specific factual basis to support his federal claim(s) and thus, fails to state a claim upon which relief can be granted. *See generally* doc. 1; *Iqbal*, 556 U.S. at 678. Plaintiff may be able to overcome his pleading deficiencies. As a result, I recommend plaintiff be given an opportunity to amend. In doing so, I recommend he be required to specifically identify the basis for this Court's jurisdiction, and, using numbered paragraphs and separate counts, describe in detail the factual basis for each claim and how each defendant is responsible.[3] I additionally recommend, for purposes of judicial economy, plaintiff's motion to proceed in forma pauperis be denied without prejudice. If plaintiff chooses to file an amended complaint, plaintiff may file a long form motion to proceed in forma pauperis at that time so that it is considered in conjunction with the amended complaint and the Court may form a better determination of his financial status.

---

[3] In preparing his amended complaint, I recommend plaintiff visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled "For Litigants," there is a section called "Litigants without Lawyers," which contains resources for pro se parties, including a "Guide for Proceeding Without a Lawyer." Plaintiff may obtain one free copy of the handbook by visiting or mailing the Clerk's Office and presenting this Report and Recommendation to the deputy clerk.

The Court also encourages plaintiff to consider consulting with a legal aid organization such as Jacksonville Area Legal Aid (JALA). Additionally, the Jacksonville Federal Court Bar Association operates a Legal Information Program in which pro se litigants may meet with a lawyer for free to ask general questions. Plaintiff may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts/gov/legal-information-program.

## Recommendation

I respectfully **recommend**:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), doc. 2, construed as a motion to proceed in forma pauperis, be **denied without prejudice** and plaintiff be **required** to file a **Long Form Application**.

2. The complaint, doc. 1, be **dismissed without prejudice** and plaintiff be given an opportunity to **amend**.

**Entered** in Jacksonville, Florida on April 24, 2024.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

## Notice

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations changes the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

c:
The Honorable Harvey E. Schlesinger, United States District Judge
Erick Alaniz, pro se
    14536 Bartram Creek Blvd
    Jacksonville, FL 32259